# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ANTHONY MITCHELL, | : | |
| Plaintiff, | : | Case No. 3:11cv00160 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| DMHA, et al., | : | |
| | | **REPORT AND RECOMMENDATIONS**[1] |
| Defendants. | : | |

Plaintiff Anthony Mitchell is a former resident of a housing facility administered by the Dayton Metropolitan Housing Authority (DMHA). He brings this case against DMHA and several DMHA employees alleging that DMHA property manager Michele Lee, with the help of others, targeted him for eviction in violation of his civil and constitutional rights. He explains, "Ms. Lee made it very clear to the plaintiff that she did not 'like' him because he [was] certified as a cannabis dependence tenant and [she] let plaintiff know that she was 'out to get him.'" (Doc. #2 at 21). He alleges, "defendant Body was supportive of defendant Lee." *Id*.

Plaintiff further alleges that defendant Erica Green provided "erroneous information" to police, causing them to raid his apartment, and she also had his "car towed away simply to spite" him. Defendant Robinson, according to Plaintiff, "took several actions to instigate the situation..." and supported the other defendants. And, lastly, Plaintiff maintains that all

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

the named defendants engaged in a conspiracy "to violate his civil and constitutional rights and caused [him] to become homeless." *Id*.

For relief, Plaintiff seeks (1) compensatory and punitive damages, (2) a Court Order requiring "the defendants to clear up the factually unsupported allegation of illegal drug activity," and (3) suitable housing equal to the housing he enjoyed before the named defendants violated his civil rights. (Doc. #2 at 22).

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915(e)(2). The case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint should be dismissed because it is factually or legally frivolous. *See* 28 U.S.C. §1915(e)(2)(B)(i); *see also Hill v. Lappin*, 630 F.3d at 468, 470 (6th Cir. 2010). The inquiry concerns "whether [the] complaint makes an arguable legal claim and is based on rational facts." *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A complaint lacks an arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *see Brand*, 526 F.3d at 923. A complaint lacks a rational factual basis when its allegations are "'fantastic or delusional.'" *Brand*, 526 F.3d at 923 (quoting *Neitzke*, 490 U.S. at 327-28); *see Lawler,* 898 F.2d at 1199.

Alternatively, an *in forma pauperis* action may be dismissed *sua sponte* when the Complaint "fails to state a claim on which relief may be granted." 28 U.S.C.

§1915(e)(2)(B)(ii); *see Hill*, 630 F.3d at 470-71; *see also Brand*, 526 F.3d at 924. To avoid that terminal fate, the complaint must allege sufficient facts, when accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *see also Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). This standard, like its predecessor, "screens out the 'little green men cases'..., [and] it is also designed to screen out cases that, while not utterly impossible, are 'implausible.'" *Courie*, 577 F.3d at 629-30.

Returning to Plaintiff's Complaint, he raises rational, rather than delusional, factual allegations. *Cf. Iqbal*, 129 S.Ct. at 1959 (Souter, J., dissenting) (courts need not accept as true "allegations that are sufficiently fantastic to deny reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."); *cf. also Lawler*, 898 F.2d at 1199 ("Examples of claims lacking rational facts are prisoner petitions asserting that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts."). Plaintiff's Complaint, therefore, is not subject to dismissal as factually frivolous. *Id.*; *see Brand*, 526 F.3d at 923.

Accepting Plaintiff's allegations as true and liberally construing the Complaint and additional documents in his favor, his allegations fail to state a plausible, non-speculative claim for relief on its face. *See Iqbal*, __ U.S. at __, 129 S.Ct. at 1949; *see also Courie*, 577 F.3d 629-30. Although Plaintiff's Complaint need only set forth a short and plain statement of the claim showing that Plaintiff is entitled to relief, *see* Fed. R. Civ. P. 8(a), the Complaint

3

must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, __U.S. at __, 129 S.Ct. at 1949. At best for Plaintiff, his allegations and documents reveal only an unadorned, the-named-defendants-violated-my-constitutional/civil-rights, claim. His allegation that he was wrongfully evicted from DMHA housing for possession of cannabis fails to implicate a violation of his constitutional rights. Assuming, as he alleges, that he had been "certified as a cannabis dependence tenant," he does not have a right under the United States Constitution to possess cannabis. His eviction, moreover, was supported by due process as revealed by Dayton Municipal Court's Eviction Notice. (Doc. #3 at 24). And, as to his conspiracy claim, Plaintiff has raised only naked assertions without further factual enhancement. Consequently, for each of the above reasons, Plaintiff's allegations and supporting documents thus fail to state a plausible, non-speculative claim for relief. *Iqbal*, __ U.S. __, 129 S.Ct. at 1949; *see Courie*, 577 F.3d at 629; *see also Moldowan v. City of Warren* 578 F.3d 351, 395 (6th Cir. 2009) ("In this circuit, '[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'").

Accordingly, dismissal of Plaintiff's Complaint is warranted under 28 U.S.C. §1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be DISMISSED;

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.


June 10, 2011                                         s/ Sharon L. Ovington   
                                                  Sharon L. Ovington  
                                        United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).